**STATE of Minnesota, Respondent,**

v.

**Floyd Alexander KLIMEK, Appellant.**

No. C4–86–421.

Court of Appeals of Minnesota.

Dec. 23, 1986.

Lance R. Heisler, Staples, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, B. Joseph Majors, II, Wadena Co. Atty., Wadena, for respondent.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

The trial court found appellant, Floyd Klimek, guilty of disorderly conduct under Minn.Stat. § 609.72, subd. 1(3) (1984). On appeal, Klimek argues that the evidence is insufficient to support his conviction. We affirm.

## FACTS

This case involves a charge of disorderly conduct. In May 1985, Mrs. Klimek filed an order for protection against appellant, her former husband. The court granted Mrs. Klimek custody of their three children and limited appellant to announced, supervised visitation, on condition that he use no alcohol. On September 2, 1985, neglect proceedings were brought against Mrs. Klimek. Kathy Hansen was appointed guardian ad litem for the children. Hansen was to visit the children twice a month to check on their well-being. Lois and Floyd Klimek's marriage was dissolved September 24, 1985.

On October 28, 1985, appellant made an unannounced visit to Mrs. Klimek's trailer home to see the children. Hansen was at the residence when he arrived. Appellant was intoxicated. The conversation that ensued between appellant and Hansen focused on appellant's dissatisfaction with the neglect proceedings. Appellant was loud and boisterous. Hansen testified as follows:

> [Appellant] came in and began telling me that he felt that his rights had not been protected in court. It had been a kangaroo trial.

> He indicated that he wished to get another attorney and go back to court. He didn't understand why Mrs. Klimek had divorced him. He felt that his children

still loved him and he had a right to see his children.

[As I left he said,] "That woman is not going to tell me how to run my life."

Hansen was frightened by appellant's tone of voice, loudness, and agitated demeanor. Hansen testified that the children and Mrs. Klimek also appeared frightened, and did not move or speak throughout the incident. Appellant became more abusive and angry as the conversation progressed. Hansen decided to leave. Appellant claimed he was neither arguing nor shouting at Hansen, nor did he intend to intimidate her.

As Hansen got into her car, she looked into her rear view mirror and saw appellant walking towards her. Appellant shook his fist at Hansen as he approached her car. Hansen was frightened and locked her car door. Appellant walked around to the driver's side of his own car, parked next to hers. Fearing appellant might follow her, Hansen quickly drove away.

After Hansen left, appellant went back inside the trailer home, and then left immediately without his car. Appellant explained that his son expressed concern that Hansen would call the police, and appellant left quickly, fearing the police would come looking for him.

## ISSUE

Was the evidence sufficient to sustain appellant's conviction of disorderly conduct?

## ANALYSIS

In reviewing a claim of sufficiency of the evidence, this court is limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a court could reasonably conclude the defendant was guilty of the offense charged. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). We will not retry the facts, but must take the view of the evidence most favorable to the verdict. *Id.*

The appellant was convicted of disorderly conduct under Minn.Stat. § 609.72, subd. 1(3) (1984) which states:

Whoever does any of the following in a public or private place, knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct, which is a misdemeanor.

\*    \*    \*    \*    \*    \*

(3) Engages in offensive, obscene, or abusive language or in boisterous and noisy conduct tending reasonably to arouse alarm, anger or resentment in others.

Appellant argues the evidence was insufficient to support his conviction. He claims his acts constitute no more than an "annoyance," and that, as such, his speech was protected by the first amendment. The State asserts appellant's actions and words went beyond a "mere argument" and claim appellant intentionally caused Hansen to be alarmed and angry.

Charges brought under Minn.Stat. § 609.72, subd. 1(3) must be closely scrutinized. The Minnesota Supreme Court has upheld the constitutionality of § 609.72, subd. 1(3), but only after limiting its proscription to "fighting words." *In re S.L.J.*, 263 N.W.2d 412, 419 (1978). S.L.J., a fourteen year old girl, was questioned by two police officers on her involvement with certain teenage boys previously apprehended for paint sniffing. After questioning, S.L.J. and a friend started walking down the alley. Fifteen to thirty feet from the squad car where the officers were sitting, the girls turned and shouted an obscenity at the officers. One of the officers testified that he was "mad" and "upset" at the words used by the girls.

That juvenile conviction was upheld, but on narrow grounds. The *S.L.J.* court said that whenever offensive language is the basis of a criminal charge, the trial court must first determine whether that language is protected speech under the first and fourteenth amendments. *Id.* at 416. Statutes which proscribe speech alone must

be narrowly construed to withstand constitutional challenge:

> The fact that the words used by appellant are vulgar, offensive, and insulting, and that their use is condemned by an overwhelming majority of citizens does not make them punishable under the criminal statutes of this state unless they fall outside the protection afforded to speech by the First Amendment.

*Id.* "Fighting words" are those personally abusive epithets which, when addressed to the ordinary citizen, are likely to provoke violent reaction or tend to incite an immediate breach of the peace. *Id.* at 418. Words that "merely tend to arouse alarm, anger, or resentment in others" are not fighting words. *Id.* In effect, words or phrases that do not rise to the level of speech capable of or intended to provoke assaultive conduct, even though rude or improvident, come under the protection of the first amendment.

We find *S.L.J.* controlling on the law. The facts here, however, are sufficiently different from *S.L.J.* so that on appellate review we can sustain the court's finding of guilty, particularly where the only issue is sufficiency of the evidence. S.L.J., a fourteen year old girl, stood approximately thirty feet away from the police officers when she turned to them and made her statement. She did not intend to do anything but talk. Her words did not reasonably tend to incite an immediate breach of the peace. The police were dressed in regulation uniforms, were in a squad car, were equipped with their weapons and other standard gear, and knew they had nothing to fear from the teenager.

*S.L.J.* involved no conduct besides shouting a single epithet at a police car several yards away. With our fact situation, although appellant's words standing alone might not constitute "fighting words," we do not decide the issue of sufficiency of the evidence on speech alone. As the trial court did, we view appellant's words, coupled with his conduct and physical movements, and measure them as a package against the controlling statute. The court found appellant directed abusive language at Hansen, Mrs. Klimek, and the children; followed Hansen out of the trailer up to her car; and shook his fist at her in a threatening manner. Although appellant denies this conduct, the trial court found that it happened, and we will not disturb the trial court's factual finding on review absent an abuse of discretion, and we find none. We hold that appellant's words and conduct taken together constitute enough evidence to uphold the verdict of guilty.

The court properly concluded appellant had reasonable grounds to know his conduct would alarm and threaten Hansen. Whether particular conduct constitutes disorderly conduct depends on the facts and circumstances of each case. *State v. Ackerman,* 380 N.W.2d 922, 926 (Minn.Ct.App. 1986). Viewing the evidence in a light most favorable to the verdict, we hold the evidence is sufficient.

We repeat the warning of *S.L.J.* against applying Minn.Stat. § 609.72, subd. 1(3) too broadly. The wording of the statute, (which is subjective and borders on vagueness) requires conduct to "reasonably" arouse alarm, anger or resentment in others. Under *S.L.J.,* the statute is limited to fighting words, and should be used only in good faith to prosecute criminal offenses. To avoid interfering with first amendment rights, this statute should not be used to combat rudeness or for social engineering. The record here supports a permissible use of the statute.

## DECISION

Sufficient evidence supported the trial court's conclusion that appellant's conduct and words went beyond mere annoyance and constituted disorderly conduct.

Affirmed.