STATE of Minnesota, Respondent,

v.

**Michael McCARTHY, Appellant.**

No. C9–02–958.

Court of Appeals of Minnesota.

April 22, 2003.

Mike Hatch, Attorney General, St. Paul, MN, and Richard C. Ilkka, Oakdale City Prosecutor, Oakdale, MN, for respondent.

Stephen V. Grigsby, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, SCHUMACHER, Judge, and ANDERSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Michael McCarthy appeals his conviction of disorderly conduct, claiming the evidence presented at trial was insufficient to support the conviction. We affirm.

## FACTS

McCarthy was attending his son's football game at Walton Park in the City of Oakdale on September 11, 2001. During the course of the game, McCarthy disputed a call by the referee. The referee approached McCarthy and told him that his comments needed to stop or he should leave. McCarthy became loud and boisterous and told the referee that he was not going to leave and placed his hands on the

referee. The referee asked McCarthy three times to take his hands off him before he did so. The referee also told him "let's not get physical." The referee then pulled away and told McCarthy to leave or he was going to call the police. McCarthy refused to leave, and the referee called the police from his cell phone. During the incident, McCarthy called a female spectator an "ass———" as she walked in front of him. There were others present who were able to hear the comment.

Officer Sean Coffer was one of the officers called to the scene. He testified that several spectators approached him and said that McCarthy needed to be removed. He was told that McCarthy caused a disturbance, swore at spectators, and caused the game to be stopped and that they did not feel safe with McCarthy present.

McCarthy was asked to leave by the police and refused. He was then arrested and charged with disorderly conduct. A court trial was held, and McCarthy was convicted of disorderly conduct. This appeal followed.

### ISSUE

Is the evidence that McCarthy used profane language toward spectators, placed his hands on a referee, and caused spectators to be alarmed and feel unsafe sufficient to support a conviction of disorderly conduct?

### ANALYSIS

 When evaluating sufficiency-of-the-evidence claims, we review the record to determine whether the evidence, taken in the light most favorable to the conviction, is sufficient to support the verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We apply the same standard of review in evaluating a sufficiency-of-the-evidence claim arising out of a trial to a

jury or to the court. *State v. Cox*, 278 N.W.2d 62, 65 (Minn.1979). We will not disturb the verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *State v. Alton*, 432 N.W.2d 754, 756 (Minn.1988).

Minn.Stat. § 609.72, subd. 1(3) (2000), provides:

> Whoever does any of the following in a public or private place, * * * knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct, which is a misdemeanor:
>
> * * * *
>
> 3) Engages in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others.

The district court found that McCarthy

> engaged in offensive or noisy conduct and used offensive language that aroused alarm, anger or resentment in others present at the park. [McCarthy] made remarks to a referee that caused the game to be stopped. When the referee approached, [McCarthy] put his hands on the referee as he argued with the referee. When asked to leave due to being disruptive, [McCarthy] refused. [McCarthy] used offensive language when confronted by a female spectator that was audible to others present.

Testimony at trial supported these findings.

 McCarthy claims he was convicted solely for using profanity toward the female spectator. The Minnesota Supreme Court has ruled that a conviction of disorderly conduct cannot be predicated

only on a person's words unless those words are "fighting words." *In re S.L.J.,* 263 N.W.2d 412, 419 (1978). The test to determine "fighting words" is whether the

> utterance of [the] vulgar, offensive insulting words would tend to incite an immediate breach of the peace, are inherently likely to provoke violent reaction, or have an immediate tendency to provoke retaliatory violence or tumultuous conduct by those to whom such words are addressed.

*Id.* (citations and quotations omitted). Whether words are "fighting words" depends on the circumstances surrounding their utterance. *Id.*

The district court found that McCarthy's actions and words aroused alarm, anger or resentment in others present at the park. Although McCarthy's conviction was based partially on his use of profanity, it was not the only basis. The circumstances surrounding McCarthy's comment included causing interruption of the football game, placing his hands on the referee, and refusing to leave when asked. In determining if McCarthy's actions were sufficient to support a conviction of disorderly conduct, we "view [his] words, coupled with his conduct and physical movements, and measure them as a package against the controlling statute." *State v. Klimek,* 398 N.W.2d 41, 43 (Minn.App. 1986). We find it was reasonable for the district court to conclude that McCarthy's actions and language caused alarm and resentment in the spectators present and therefore constituted disorderly conduct.

## DECISION

There was sufficient evidence to support the district court's finding that McCarthy's words and conduct reasonably caused alarm and resentment in others and therefore constitutes disorderly conduct.

**Affirmed.**